UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| PAUL MARVIN HOOD, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WAYNE JOHNSON, RICHARD )<br>PETTY, and WARDEN BILLY )<br>TOMPKINS, )<br>)<br>Defendants. ) | Case No. CV606-61 |

**REPORT AND RECOMMENDATION**

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On June 28, 2006, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.[1]

Plaintiff alleges that Richard Petty, a vocational instructor at Smith State Prison where plaintiff is incarcerated, refused to allow plaintiff to take a "pre-test" to qualify for participation in a computer repair course

---

[1] A prisoner must exhaust all administrative remedies available to him before challenging prison conditions in a civil action. 42 U.S.C. § 1997e(a). The Court expresses its skepticism as to whether plaintiff has exhausted his administrative remedies, but it does not address this issue since a claim that is legally insufficient may be dismissed without first requiring exhaustion. 42 U.S.C. § 1997e(c)(2).

offered at the prison solely because Petty "is a bigot and [a] racist." Doc. 1. Plaintiff concedes that Petty informed him that he was not allowed to take the pre-test because other inmates had stated that plaintiff had a "negative attitude" and was someone Petty would not want in his class. Id. Plaintiff, however, implies that Petty must be a racist because (1) none of his inmate aides are black[2], (2) Petty posted an article in the computer room window stating that his brother was killed by "a 'seventeen year old black man,'" and (3) Petty once made a "subtle racist remark" during his computer class.[3] Id. Plaintiff states that "no other inmate was treated in such a fashion in order to get into the computer class." Id. Nowhere does he allege that only white inmates are admitted to the class or that Petty treated white inmates more favorably than black inmates.

Plaintiff's complaint fails to state a colorable claim under 42 U.S.C. § 1983 against any of the defendants. Plaintiff's assertions against defendant Petty regarding his exclusion from the pre-test fail to allege a

---

[2]Plaintiff concedes that one of the aides is hispanic and "looks black but considers himself white." Id.

[3]According to plaintiff, Petty once asked one of his "black students" this hypothetical question: "If I came to your neighborhood in a nice car, would you allow my car to be stolen?" Id. Plaintiff does not explain the context of this alleged statement.

deprivation of plaintiff's constitutional rights. To state a claim for a violation of the Equal Protection Clause of the Fourteenth Amendment, an inmate must allege that other similarly-situated inmates received more favorable treatment and that his discriminatory treatment was based on some constitutionally protected interest, such as race. Jones v. Ray, 279 F.3d 944, 946 -947 (11th Cir. 2001). Although plaintiff states that none of the inmates aides in Petty's class are black and that Petty is "a racist," he does not explicitly contend that Petty excluded him from the class on account of his race. Furthermore, plaintiff does not allege that Petty only allowed white inmates to take the pre-test, excluded black inmates from the computer course, or gave preferential treatment to his white students. Plaintiff concedes that Petty informed him that plaintiff had been denied an opportunity to take the pre-test on account of his "negative attitude." While plaintiff disagrees with Petty's explanation, he has failed to allege facts that demonstrate that Petty treated plaintiff less favorably than other inmates on account of his race. Consequently, plaintiff has failed to state a cognizable claim under § 1983 against defendant Petty.

Plaintiff also has failed to state a colorable claim against Warden Tompkins or Deputy Warden Johnson. Plaintiff's allegations against these defendants appear to be based on their positions as prison administrators. Claims against a prison official brought pursuant to § 1983 cannot be based upon theories of respondeat superior or vicarious liability, however. Polk County v. Dodson, 454 U.S. 312, 325 (1981); Monell v. Dep't of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978); Miller v. King, 384 F.3d 1248, 1261 (11th Cir. 2004). Plaintiff must demonstrate either that the prison official directly participated in the alleged constitutional deprivation or that there is some other causal connection between the official's acts or omissions and plaintiff's injury. Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988) (per curiam). Such a causal connection may be established by showing that the official promulgated or implemented a policy under which the violation occurred, Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986); Fundiller v. City of Cooper City, 777 F.2d 1436, 1442 (11th Cir. 1985), or demonstrating that a history of widespread abuse has placed the official on notice of the need

to take corrective action and he has failed to do so. Brown, 906 F.2d at 671; Williams v. Cash, 836 F.2d 1318, 1320 (11th Cir. 1988).

Plaintiff has failed to allege facts indicating that defendants Tompkins or Johnson were directly involved in his alleged constitutional deprivations. Plaintiff alleges that he sent Tompkins a letter about Petty's refusal to allow plaintiff to take the pre-test and that Tompkins failed to respond to this letter. Plaintiff does not allege that he included any of his allegations of racial discrimination or his belief that Petty may have been retaliating against him for filing grievances in the letter, however. Plaintiff's sole allegation against defendant Johnson is that Johnson knew about plaintiff's history of filing grievances, but plaintiff does not allege that Johnson allowed Petty to deny him an opportunity to take the pre-test because of this history. Plaintiff does not allege that Tompkins or Johnson established any policy of denying inmates the opportunity to participate in vocational classes based on their race or in retaliation for filing grievances. Nor does plaintiff suggest that there is a widespread history of such problems that would serve to place either defendant on notice of the need to take corrective action.

Furthermore, Warden Tompkins' mere failure to respond to plaintiff's letter does not amount to a violation of plaintiff's constitutional rights, for the mere filing of a grievance with a supervisor does not alone make the supervisor liable for the alleged unconstitutional conduct referenced in the grievance, particularly where the grievance refers to an isolated incident of misconduct by a subordinate. See Weaver v. Toombs, 756 F.Supp. 335, 337 (W.D. Mich. 1989), aff'd, 915 F.2d 1574 (6th Cir. 1990) (supervisor's awareness of illegal conduct after the fact and his denial of a grievance were insufficient to impose liability under § 1983); Wayne v. Jarvis, 197 F.3d 1098, 1106 (11th Cir. 1999) (isolated incidents insufficient to establish a custom or policy); see also Baker v. Rexroad, 159 Fed. Appx. 61, 62 (11th Cir. 2005) (defendants' failure to act on plaintiff's administrative appeal did not constitute a violation of plaintiff's due process rights). Accordingly, plaintiff has failed to state a cognizable claim under § 1983 against defendants Tompkins or Johnson.

Based on the foregoing, the Court recommends that plaintiff's complaint be **DISMISSED**.[4]

---

[4]The form to be used by prisoners filing a complaint pursuant to § 1983 requires that prisoners disclose whether they have brought other federal lawsuits while

SO REPORTED AND RECOMMENDED this 7*th* day of September, 2006.

*[signature]*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

incarcerated. Plaintiff fails to list in his complaint all such cases. Though plaintiff discloses some of his prior actions in the complaint, including Hood v. Parker, CV287-48 (N.D. Ga. Apr. 8, 1987), Hood v. Brown, CV692-59 (S.D. Ga. May 19, 1992), and Hood v. Tompkins, CV605-94 (S.D. Ga. Sept. 2, 2005), he does not mention Hood v. Thomas, CV692-93 (S.D. Ga. July 7, 1992), and he gives inaccurate information about the dispositions of those cases he does mention. He claims that Hood v. Tompkins is still pending, but it was dismissed on Oct. 31, 2005 (CV605-94, doc. 8). He states that Hood v. Parker "settled out of court," but it was consolidated with Hood v. Brown, (CV692-59, doc. 22) and plaintiff's claims were eventually dismissed (doc. 43). This is not the first time that plaintiff has failed to comply with the requirement that he disclose prior lawsuits. One of plaintiff's suits, Hood v. Tompkins, CV605-94, was dismissed because plaintiff had lied in his complaint, stating that he had not previously filed any suits in federal court, when, as the court discovered, he had filed at least three previous actions. Docs. 4, 8. In fact, plaintiff actually failed to disclose in the instant complaint one of the suits, Hood v. Thomas, that the Magistrate Judge in Hood v. Tompkins referenced when recommending dismissal of plaintiff's action. Although the Court dismisses the instant case for failure to state a claim, it could easily dismiss for dishonesty in the complaint as well. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (indicating approval of district court's dismissal of case as a sanction when plaintiff lied about the existence of a prior lawsuit).